David A. Jackson-Mackay
Arthur D. Penrod
Tyler E. McCurdy
Austin D. Anderson
Preston R. Wisenbaker
850 Maple Street
Wheatland, WY 82201
(214) 444-8115
david.jacksonmackay@gmail.com

FILED
MAR 18 2022
MONA MCAULEY
CLERK OF THE DISTRICT COURT
DEPUTY

| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
|---|---|---|
| | )ss: | |
| COUNTY OF PLATTE | ) | EIGHTH JUDICIAL DISTRICT |

| | |
|---|---|
| DAVID A. JACKSON-MACKAY; ARTHUR D. PENROD; TYLER E. MCCURDY; AUSTIN D. ANDERSON; and PRESTON R. WISENBAKER, Plaintiffs, | CASE NO. CV-2022-14 |
| vs. | |
| MICHAEL MCDONALD, Sergeant, Platte County Detention Center; DAVID RUSSELL, Captain, Platte County Detention Center; CLYDE HARRIS, Sheriff, Platte County Sheriff's | |

-1-

Department; PLATTE COUNTY WYOMING, acting through Platte County Sheriff's Department; PLATTE COUNTY SHERIFF'S DEPARTMENT; PLATTE COUNTY DETENTION CENTER; and PLATTE COUNTY COMMISSIONERS,
Defendants.

## CIVIL RIGHTS COMPLAINT

COMES NOW, Plaintiffs David A. Jackson-Mackay, Arthur D. Penrod, Tyler E. McCurdy, Austin D. Anderson, and Preston R. Wisenbaker, each pro se, and pursuant to 42 U.S.C. § 1983, et seq., brings this civil rights Complaint, and states as follows in support hereof:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983.

2. Venue in the Eighth Judicial District Court for Platte County, Wyoming, is appropriate as all of the acts and omissions complained of herein occurred exclusively within Platte County, Wyoming.

## II. PLAINTIFF(S)

1. Plaintiff, David A. Jackson-Mackay, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein a pre-trial detainee being held at the Platte County Detention Center (hereinafter "PCDC") in Wheatland, Wyoming.

2. Plaintiff, Arthur D. Penrod, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein a pre-trial detainee being held at the PCDC in Wheatland, Wyoming.

3. Plaintiff, Tyler E. McCurdy, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein a pre-trial detainee being held at the PCDC in Wheatland, Wyoming.

4. Plaintiff, Austin D. Anderson, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein a pre-trial detainee being held at the PCDC in Wheatland, Wyoming.

5. Plaintiff, Preston R. Wisenbaker, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein a pre-trial detainee being held at the PCDC in Wheatland, Wyoming.

## III. DEFENDANT(S)

1. Defendant, Michael McDonald, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein the Deputy Jail Administrator and Sergeant at the PCDC.

2. Defendant, David Russell, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein the Jail Administrator and Captain at the PCDC.

3. Defendant, Clyde Harris, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein, the Sheriff of Platte County, Wyoming, and final decision maker of the PCDC.

4. Defendant, Platte County, Wyoming, acting through the PCDC, whose current address is 800 9th Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein, the governmental body in charge of the PCDC.

5. Defendant, Platte County Sheriff's Department (hereinafter "PCSD"), whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein, the governmental body charged with managing the PCDC and its staff.

-4-

6. Defendant, Platte County Detention Center, whose current address is 850 Maple Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein, the governmental entity responsible for housing federal pre-trial detainees.

7. Defendant, Platte County Commissioners (hereinafter "Commissioners"), whose current address is 800 9th Street, Wheatland, Wyoming 82201, is and was so at all times relevant herein, the governmental body in charge of the Platte County Sheriff's Department.

8. Unless otherwise stated herein, all Defendants' were acting under the color of state law when they committed the acts and omissions complained of herein.

9. All Defendants' are sued in their individual and official capacities, jointly and severally.

## IV. BACKGROUND FACTS

1. This cause of action is being brought by a group of inmates housed at the PCDC against jail administrators who are responsible for the creation, implementation and enforcement of policies and procedures governing the handling of incoming inmate mail, with particular concerns over legal, special and court mail.

-5-

2. On or about February 15, 2022, Defendants' McDonald and Russell created and enacted a new jail policy that all mail to and from the Courts would no longer be processed as Special (legal) mail, but would be handled as regular mail.

3. On February 23, 2022, Defendants' McDonald and Russell instructed mail processing staff to begin scanning mail from local, state, tribal and federal Courts onto the electronic Kiosk system, including pleadings, worksheets, and related documents.

4. According to Defendant Russell in a written response, "jail administrators", which would be Defendants' McDonald and Russell Created the policy and the Court mail policy was adopted, approved and ratified by Defendant Harris.

5. Defendants' McDonald, Russell, and Harris did not post any warning about the creation of the new policy and the Plaintiffs' and other similarly situated inmates had no time to react or redirect their confidential mail.

6. Defendants' have been repeatedly complained to about the new Court mail policy and they have failed and refused to undertake corrective action.

7. Defendants' are opening clearly marked court mail outside of the Plaintiffs' presence and are scanning those documents into the electronic inmate kiosk system and are diverting the original documents.

8. Defendant Harris, acting as the final decision-maker and manager of the PCDC, under the authority of the Commissioners and the County, approved this unconstitutional policy.

9. The Defendants' conduct amounts to a violation of Plaintiffs' constitutionally protected rights, in violation of the First, Sixth, and Fourteenth Amendments to the United States Constitution.

## V. CAUSE(S) OF ACTION

### A. COUNT 1: IMPROPER HANDLING OF SPECIAL (COURT) MAIL.

1. Plaintiffs' reallege and incorporate by reference the allegations contained in Section IV., paragraphs 1 through 9.

2. Defendants' have repeatedly told the Plaintiffs' that mail to and from local, state, tribal and federal courts is not considered

-7-

Legal (special) mail, and refused to allow Plaintiffs' to seal outgoing mail and incoming mail was opened outside of the inmates' presence.

3. Defendants' position that mail from Courts isn't legal mail, is a misplaced contention. In fact, in <u>Peterson v. Lampert</u>, No. 12-8015 (10th Cir. 2012), legal mail was defined as any mail that was addressed to and from:

    (a) Wyoming Attorney General;
    (b) United States Attorney General;
    (c) United States Department of Justice;
    (d) County and Prosecuting Attorney;
    (e) Federal, State, Local, and Tribal Courts;
    (f) attorney;
    (g) legal aid clinic; or
    (h) American Civil Liberties Union.

4. Even assuming Defendants' argument that mail from the federal and state Courts must bare the designation "LEGAL MAIL" to be considered legal, that argument fails pursuant to 28 C.F.R. Section 540.2(c), which states "special mail includes mail from the Court, even when it lacks the precise marking."

5. The Defendants' would be hard-pressed to find another correctional facility in the region, particularly in Wyoming, that does not consider

-8-

mail to or from the Courts to be special or legal mail. Specifically, Plaintiffs' can state with certainty that all Wyoming Department of Corrections' facilities, the Laramie County Detention Center, the Goshen County Detention Center, the Albany County Detention Center, the Natrona County Detention Center, and the Campbell County Detention Center all process mail from the Courts as legal mail.

    6. Any jail rules or regulations "are only valid if reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 89, 107 S.Ct. 2261. The Defendants' have provided no records, documents or even inferences that purported mail baring the Courts address was used to facilitate criminal activity or to facilitate an institutional rule infraction.

    7. In Merriweather v. Zamaro, 569 F.3d 307, 317 (6th Cir. 2009), the Court held ("opening properly marked legal mail alone..... implicates both the First and Sixth Amendments because of the potential for a 'chilling effect.'").

    8. The Plaintiffs' have a constitutional right to communicate with the Court freely and unobstructed. Defendants' conduct of inspecting and reading both incoming and outgoing Court mail outside of Plaintiffs' presence creates a chilling effect and is a violation of Plaintiffs' rights. In Altizer

-9-

v. Deeds, 191 F.3d 540, 549 (4th Cir. 1999), the Court held, "Inspecting an inmates legal mail may implicate the inmates Sixth Amendment right to Communicate freely."

9. "Prisoners have a constitutional right to have their legal mail delivered to them uncensored and unread." Nordstrom v. Ryan, 762 F.3d 903 (9th Cir. 2014), citing Peterson v. Arpaio, No. CV04-2276-PHX-SMM-LOA, 2006 WL 3736060, at *4 (D. Ariz. Nov. 21, 2006).

10. In Jones v. Brown, 461 F.3d 358 (3rd Cir. 2006), the Court specifically discussed Court mail and held "prison officials cannot legally open Court mail outside an inmates presence." This same holding occurred in Fontroy v. Beard, 485 F.Supp.2d 592 (E.D. Pa. 2007).

11. The Defendants' conduct has led the Plaintiffs' to conclude that the Defendants' harbor the belief that inmates do not retain any rights. However, the Defendants' are mistaken. "[P]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safely, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d (1987).

12. Plaintiffs' further assert that this was not a case of a single incident or a case of an accidental opening. This was a case of the

-10-

Defendants' creating, implementing and enforcing a vindictive and mean-spirited policy. In <u>Lavado v. Keohane</u>, 992 F.2d 601, 609-10 (6th Cir. 1993), the Court held ("Opening/reading incoming Court mail outside prisoner's presence in an arbitrary or capricious fashion violates First Amendment."

13. The Fifth Circuit relied on a Constitutional right of access to the Courts, arising under the Due Process Clause when reviewing claims that prison officials were opening Court mail outside the inmates' presence. See, <u>Taylor v. Sterrett</u>, 532 F.2d 462, 475 (5th Cir. 1976) ("prisoners right of access requires] that incoming prisoner mail from Courts... be opened only in the presence of the inmate.").

14. Defendants' McDonald, Russell and Harris enacted a policy regarding Court mail that effectively and without question chills the Plaintiffs' ability to vindicate legal rights with the Courts, in violation of the United States Constitution. In <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996), the U.S. Supreme Court held "the right to access the Court is fundamental and essential to prisoners' ability to vindicate legal rights.", quoting <u>Jackson v. Procunier</u>, 789 F.2d 307 (5th Cir. 1986).

15. "the fundamental constitutional right of access to the Courts requires providing prisoners

—11—

with adequate law libraries." <u>Bounds v. Smith</u>, 430 U.S. 817, 827 (1977)

16. When the Defendants' began scanning incoming Court mail, including blank self-help fill-in-the-blank Court forms, the Defendants' conduct amounted to obstructing Plaintiffs' access to the Courts.

17. The Defendants' obstructive conduct frustrated and impeded Plaintiffs' ability to file and pursue civil rights claims against another jail. "It is fundamental that access of prisoners to the Courts for the purpose of presenting their complaints may not be denied or obstructed." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 578, 94 S.Ct. 2963, 2985, 41 L.Ed.2d 935, quoting <u>Johnson v. Avery</u>, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718.

18. Defendants' have engaged in a conspiracy to violate the Plaintiffs' constitutional and statutorily protected rights.

19. Defendants' will continue to violate prisoners' rights unless and until the Court steps in and mandates the Defendants' to undertake corrective action.

20. It is crucial to understand that this was not an isolated or single incident, nor was it limited to only one inmate or one

-12-

Court. This was a jail policy created by McDonald and Russell, which was then approved and authorized by Harris, under the authority of the County, the Department (PCSD), and the Commissioners.

### B. COUNT 2: FAILURE TO SUPERVISE, TRAIN AND OVERSEE OPERATIONS.

1. Plaintiffs' reallege and incorporate by reference the allegations contained herein within Section IV., paragraphs 1 through 9.

2. Plaintiffs' reallege and incorporate by reference the allegations contained herein within Section V., Subsection A., paragraphs 1 through 20.

3. Defendants' Platte County, PCSD, PCDC and the Commissioners either failed to supervise their staff, whereby allowing the unlawful policies to be created or enacted; or, in the alternative, these Defendants' approved and enacted these policies.

4. In Turner v. Safely, 482 U.S. 89, 107 S.Ct. 2261, the Court held "regulations are only valid if reasonably related to penological interests." The Defendants' have no legitimate or reasonable excuse for their conduct.

-13-

5. "Qualified immunity is not a defense available to governmental entities...." <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999)

6. In <u>Stamm v. Cnty. of Cheyenne</u>, 326 F.Supp.3d 852 (D. Neb. 2018), the Court held "[a] local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."

7. It is clear these Defendants' actions are intentional and willful, and that the Court mail policy is widely accepted by County officials.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. PCDC has a grievance procedure of an initial grievance, followed by a grievance appeal.

2. Plaintiffs' filed a grievance and a grievance appeal concerning the issue(s) raised in this cause of action.

3. No further administrative remedies are available to the Plaintiffs.

4. Plaintiffs' assert that the requirements of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1988, with regard to the exhaustion requirement, have been specified, and satisfied.

## VII. JURY DEMAND

1. Plaintiffs' exercise their right to a trial by jury in this cause of action and hereby demand the same.

## VIII. REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs' pray the Court enter an Order awarding:

1. Punitive damages in the amount of $200,000.00 per Defendant, jointly and severally, for their willful, wanton and nefarious conduct, to dissuade these Defendants, and those similarly situated, from engaging in similar conduct;

2. Compensatory damages in the amount of $100,000.00 per Defendant, jointly and severally, to compensate the Plaintiffs' for their actual injuries;

3. A declaration declaring that the Defendants' conduct was unconstitutional;

4. An injunction, both preliminary and permanent, barring the Defendants' from continued similar conduct;

5. Court fees and litigation costs, as determined at the conclusion of this case.; and
6. Any additional and further relief the Court deems just, fit, and proper under the circumstances.

DATED this 14th day of March, 2022.

*David A. Jackson-Mackay*
David A. Jackson-Mackay
Plaintiff, pro se

DATED this 14th day of March, 2022.

*Arthur D. Penrod*
Arthur D. Penrod
Plaintiff, pro se

DATED this 14th day of March, 2022.

*Tyler E. McCurdy*
Tyler E. McCurdy
Plaintiff, pro se

DATED this 14 day of March, 2022.

*(signature)*
Austin D. Anderson
Plaintiff, pro se

DATED this 14 day of March, 2022.

*(signature)*
Preston R. Wisenbaker
Plaintiff, pro se