| | |
|---|---|
| DAVID A. JACKSON-MACKAY; ARTHUR D. PENROD; TYLER E. MCCURDY; AUSTIN D. ANDERSON; and PRESTON R. WISENBAKER, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL MCDONALD, Sergeant, Platte County Detention Center; DAVID RUSSELL, Captain, Platte County Detention Center; CLYDE HARRIS, Sheriff, Platte County Sheriff's Department; PLATTE COUNTY, WYOMING; PLATTE COUNTY SHERIFF'S DEPARTMENT; PLATTE COUNTY DETENTION CENTER; and PLATTE COUNTY COMMISSIONERS, <br><br> Defendants. | Case No. 2:22-CV-0083-SWS |

## ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on the *Individual Defendants' Motion to Dismiss* (ECF No. 8). On March 18, 2022, Plaintiffs – who at the time were all pre-trial detainees being held at the Platte County Detention Center ("PCDC") in Wheatland, Wyoming – filed a civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983 in the Eighth Judicial District Court for the State of Wyoming. (*See* Compl., ECF No. 3.)

Defendants removed the action to this Court on April 15, 2022.[1] Having considered the *pro se* complaint's allegations and the briefs submitted in support of the motion and Plaintiff Jackson-Mackay's response thereto (ECF No. 35), and being otherwise fully advised, the Court FINDS the motion should be granted.

## COMPLAINT ALLEGATIONS

Plaintiffs allege a violation of their right of access to the courts by PCDC's "new jail policy" regarding the handling of court mail. (Compl. at 6, 11-12.) Specifically, Plaintiffs allege the new policy treats "all mail to and from the courts" as regular mail instead of legal mail, thereby allowing outgoing and incoming court mail to be opened and read outside of the inmates' presence. (*Id.* at 6-7). Mail from the courts is then scanned into the "electronic kiosk system." (*Id.*) Plaintiffs allege this policy has a "chilling effect" on their "constitutional right to communicate with the Court freely and unobstructed" and "to vindicate legal rights [in] the courts." (*Id.* at 9, 11.) Plaintiffs claim the individual Defendants are responsible for the creation, implementation, and enforcement of the policy (*id.* at 10-11); and, against the Platte County entity Defendants, Plaintiffs allege a claim for a failure to supervise the jail staff who enacted the policy or, in the alternative, for the approval of such a policy (*id.* at 13).

The Defendants in their individual capacities ("Individual Defendants") have filed the present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiffs do not

---

[1] Plaintiff Jackson-Mackay filed an "Objection to Removal" on May 2, 2022, arguing Defendants' removal was untimely and improperly filed electronically. (*See* ECF No. 31.) However, upon review and for the reasons set forth by Defendants in their response to Jackson-Mackay's objection (*see* ECF No. 40), the Court finds Defendants' removal was timely and proper.

allege a plausible claim for relief and they are entitled to qualified immunity. Defendants ask the Court to dismiss the Individual Defendants from this action with prejudice.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a plaintiff's complaint fails to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "plausibility standard" is not a probability requirement but requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleader is not required to set forth "detailed factual allegations," but must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (alterations and internal quotation marks omitted). Facts, not conclusions, must be pleaded – "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including where a "legal conclusion [is] couched as a factual allegation." *Id.*

The Court should liberally construe pro se filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite a lack of proper legal citation or theories." *Id.* Even so, it is never "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Normally, an order dismissing a pro se complaint under 12(b)(6) should be without prejudice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). But dismissal with prejudice is proper "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (citation omitted).

## DISCUSSION

The Individual Defendants assert the defense of qualified immunity. "Qualified immunity protects governmental officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To survive a motion to dismiss based on qualified immunity, then, the plaintiff must allege sufficient facts that show "the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Id.* In the context of this case, the Court finds it appropriate to first determine if Plaintiffs' complaint plausibly alleges a violation of Plaintiffs' constitutional right of access to the courts. *See id.*

> The Fourteenth Amendment guarantees an inmate the right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821–22, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). As the district court correctly noted, however, an inmate lacks standing to raise a right-of-access claim unless he is able to demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350–51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("[T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."). The inmate can satisfy this standing requirement by showing the defendant "hindered [his] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996).

*Harmon v. Keith*, 383 F. App'x 770, 771 (10th Cir. 2010). *See also Brooks v. Colo. Dep't of Corr.*, 762 F. App'x 551, 558-59 (10th Cir. 2019) (referring to access to courts as a First Amendment right).

Plaintiffs allege, in conclusory fashion, the Individual Defendants' implementation and enforcement of the new court mail policy – more specifically, the scanning of "blank self-help fill-in-the-blank court forms" into the kiosk system – "frustrated and impeded [their] ability to file and pursue civil rights claims against another jail." (Compl. at 12.) *See Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (for plaintiff inmate to establish injury sufficient to afford him standing to bring access to courts claim, he "must show that non-delivery of his legal mail resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a legal claim'"). However, Plaintiffs must allege facts sufficient to show the new court mail policy *actually* hindered their ability to pursue a nonfrivolous legal claim. *See Brooks*, 762 F. App'x at 558 (affirming dismissal of access to courts claim on 28 U.S.C. § 1915 review).

Plaintiffs' complaint allegations are insufficient to state an access to courts claim. The inmates do not allege the new mail policy actually impaired their ability to pursue a

> The Fourteenth Amendment guarantees an inmate the right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821–22, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). As the district court correctly noted, however, an inmate lacks standing to raise a right-of-access claim unless he is able to demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350–51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("[T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."). The inmate can satisfy this standing requirement by showing the defendant "hindered [his] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996).

*Harmon v. Keith*, 383 F. App'x 770, 771 (10th Cir. 2010). *See also Brooks v. Colo. Dep't of Corr.*, 762 F. App'x 551, 558-59 (10th Cir. 2019) (referring to access to courts as a First Amendment right).

Plaintiffs allege, in conclusory fashion, the Individual Defendants' implementation and enforcement of the new court mail policy – more specifically, the scanning of "blank self-help fill-in-the-blank court forms" into the kiosk system – "frustrated and impeded [their] ability to file and pursue civil rights claims against another jail." (Compl. at 12.) *See Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (for plaintiff inmate to establish injury sufficient to afford him standing to bring access to courts claim, he "must show that non-delivery of his legal mail resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a legal claim'"). However, Plaintiffs must allege facts sufficient to show the new court mail policy *actually* hindered their ability to pursue a nonfrivolous legal claim. *See Brooks*, 762 F. App'x at 558 (affirming dismissal of access to courts claim on 28 U.S.C. § 1915 review).

Plaintiffs' complaint allegations are insufficient to state an access to courts claim. The inmates do not allege the new mail policy actually impaired their ability to pursue a

nonfrivolous claim. Indeed, the complaint does not allege that in fact they were prevented from filing their unspecified civil rights claims. Nor does it allege *how* the policy, or particularly how the scanning of the court forms into the kiosk system, impeded their efforts to do so. In Plaintiff Jackson-Mackay's response to the motion to dismiss (ECF No. 35), he expands on the complaint's allegations by asserting court forms and pleadings were "withheld" from Plaintiffs:

> The Plaintiffs received a Court's "Memorandum and Order" in March 2022 from the United States District Court for the District of Nebraska, requiring the Plaintiffs to complete the "enclosed form," which was a fill-in-the-blank form the Court had provided. The Court went one step further and ordered that if Plaintiffs failed to complete and return the form by a specified date, the action would be subject to dismissal.

(ECF No. 35 at 2-3, ¶ 2.)

> Plaintiffs also assert that they pleaded that specific documents, such as pleadings, were withheld from Plaintiffs. (*See* Complaint, ECF No. 3 at p. 6, ¶ 3.)

(*Id.* at 3, ¶ 4.)

> It is clear that not providing Plaintiffs with forms sent by the court, with a valid Court order to complete those forms, would unduly obstruct or impede the Plaintiffs access to the Courts.

(*Id.* at 4, ¶ 8.)

> The Plaintiffs were denied the ability to receive documents, orders, pleadings and forms sent to them by the court to prosecute nonfrivolous Court proceedings.

(*Id.* at 6, ¶ 10.)

> The Defendants took pre-meditated, calculated actions to obstruct the judicial process and deny the Plaintiffs from accessing their own Court documents.

(*Id.* ¶ 11.)

These additional allegations do not raise Plaintiffs' claim to a plausibility level, even if the Complaint is deemed amended to include them. Other than the form allegedly mailed by the Nebraska court, Jackson-Mackay does not identify the nature of the "pleadings" and "documents" allegedly withheld from the Plaintiffs. Jackson-Mackay does not allege he (or the other Plaintiffs) were denied access to the kiosk. He does not allege the "enclosed form" was not timely completed by Plaintiffs or submitted to the court. He does not describe the nature of the Plaintiffs' Nebraska federal court case and does not claim that their case was dismissed. Simply put, Plaintiffs have still failed to allege any actual injury – i.e., that the new court mail policy *actually* hindered their ability to pursue a nonfrivolous legal claim. Because actual injury is a prerequisite for standing to raise a right-of-access claim, Plaintiffs have not plausibly alleged a violation of their constitutional rights.

Beyond that deficiency, Plaintiffs have not alleged a violation of a clearly established constitutional right. "[T]he contours of a particular right are generally only sufficiently clear to put a reasonable official on notice if a plaintiff (1) identifies an on-point Supreme Court or published Tenth Circuit decision . . ., or (2) shows the clearly established weight of authority from other courts [has] found the law to be as the plaintiff maintains . . . ." *Perry v. Durborow*, 892 F.3d 1116, 1123 (10th Cir. 2018) (internal quotations and citations omitted). Plaintiffs have not identified either a Supreme Court or a Tenth Circuit decision, published or unpublished, establishing that the opening of court mail outside an inmate's presence and then scanning the documents into an "electronic inmate kiosk system" (*see* Compl. at 7, ¶ 7) violates the inmate's constitutional right of access to the courts. Indeed, an unpublished decision of the Tenth Circuit Court of Appeals

suggests such a procedure is constitutional. *See Medel v. Deland*, No. 91-4228, 1992 WL 201073, at *1 (10th Cir. Aug. 14, 1992) (affirming dismissal of inmate complaint alleging opening of court mail outside of inmate's presence interferes with his right of access to the courts). The Seventh and Ninth Circuit Courts of Appeals have likewise found no constitutional violation in the opening of court mail outside the presence of the inmate-recipient. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017); *Arbing v. Page*, No. 92-1312, 1993 WL 113711, at *2 (7th Cir. Mar. 8, 1993) ("with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files").

In neither the complaint nor Jackson-Mackay's response to the motion to dismiss do Plaintiffs cite any United States Supreme Court or Tenth Circuit authority finding the challenged mail procedure unconstitutional. While Plaintiffs cite Third and Sixth Circuit Court opinions appearing to support their position, all that shows is the clearly established weight of authority from other circuits does *not* "point in one direction." *Pompeo v. Bd. of Regents of the Univ. of New Mexico*, 852 F.3d 973, 981 (10th Cir. 2017) (citation omitted). The precedent from two other circuits does not constitute a "clearly established weight of authority" which would have put a reasonable official in Defendant's position on notice that implementation of the court mail policy at issue would effect a violation of the inmates' constitutional rights.

Finally, Jackson-Mackay asserts "28 C.F.R. Section 540.2(c) was clearly established at the time the new court mail policy was created and enacted." (ECF No. 35 at 5, ¶ 3.) However, an inapplicable federal Bureau of Prison regulation defining "special

mail" to include "mail from the court" (*see id.*) cannot constitute clearly established law for purposes of a qualified immunity defense. "For the law to be 'clearly established,' there ordinarily must be a Supreme Court or Tenth Circuit opinion on point, or the clearly established weight of authority from other circuits must point in one direction." *Pompeo, supra* at 981.

Because the challenged court mail procedure does not violate clearly established law, the Individual Defendants are entitled to qualified immunity.

## CONCLUSION

Plaintiffs have not alleged actual injury, as required to state a constitutional access to courts claim. Furthermore, because the Individual Defendants' alleged conduct does not violate clearly established law, they are entitled to qualified immunity. And given the nature of Plaintiffs' claim and the defense thereto, it is obvious Plaintiffs cannot prevail on the facts alleged and it would be futile to give them an opportunity to amend THEREFORE, it is hereby

ORDERED that the *Individual Defendants' Motion to Dismiss* (ECF No. 8) is GRANTED and the Individual Defendants are DISMISSED with prejudice.

Dated this 24th day of May, 2022.

Scott W. Skavdahl
United States District Judge